J-S15032-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHARLES DRUMM | : | |
| | : | |
| Appellant | : | No. 1793 EDA 2025 |

Appeal from the Judgment of Sentence Entered June 12, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007445-2024

BEFORE: OLSON, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED MAY 19, 2026**

Appellant Charles Drumm appeals from the judgment of sentence entered by the Court of Common Pleas of Philadelphia County after the trial court convicted Appellant of burglary, criminal trespass, and criminal mischief. Appellant challenges the sufficiency of the evidence supporting his burglary and criminal trespass convictions, asserting that the Commonwealth failed to show he was the individual who broke into the home in question. We affirm.

Appellant was charged with burglary, criminal trespass, and criminal mischief, and possession of an instrument of crime (PIC). Appellant waived his right to a jury trial and proceeded to a bench trial, which was held on March 28, 2025. The following factual background was developed at trial. On September 3, 2025, at approximately 12:50 a.m., Jose Tirado ("the victim")

_____

[*] Former Justice specially assigned to the Superior Court.

went to check on a multi-family row home that he owned on Tioga Street in Philadelphia that had been renovated and recently completed. Notes of Testimony (N.T.)., 3/28/25, at 9-10, 13. As the victim drove past, he caught a glimpse of an individual in a gray hoodie through a large bay window inside the living room of the home. *Id.* at 10, 21-22. Although there was a piece of paper over the bay window, the victim could see into the building at a certain angle when he was driving by. *Id.* at 10, 24. The victim indicated that the lights were on as he always leaves them illuminated. *Id.* at 10.

As the victim had not given anyone permission to be in the home at that time, he made a U-turn to return to the property and park his car. *Id.* at 10, 21-25. Upon his return, the victim observed an individual in the same gray hoodie come from the alleyway leading from the back of the house and then start to rip the electrical meters off the outside of the home. *Id.* at 11. The victim noted that the individual's appearance matched the person he had seen inside the home. *Id.* at 24. In addition, the victim saw that the individual was holding an object which was "shiny, with a blade" and what looked like pliers. *Id.* at 20, 26.

When the victim approached, the individual made incoherent statements about someone stealing his money. *Id.* The victim called 9-1-1, which caused the individual to run away into a nearby park. *Id.* at 11-12. As police officers were able to respond to the dispatch quickly, the victim pointed the officers in the direction in which the individual fled. *Id.* at 12. After Officer Hayden McKinstry noticed a male with a gray hoodie fleeing the area and jumping over

a fence, Officer McKinstry gave chase and apprehended the fleeing suspect, who was identified as Appellant. *Id.* at 43-44. Appellant was placed under arrest and found to be in possession of a tactical knife/multitool. *Id.* at 48.

Further investigation revealed that the back door of the home had been broken, wires ripped out of the panel boxes, and a bag of items, tools, and electrical materials was sitting at the back door "ready to leave." *Id.* at 14-19. Tirado indicated that he had not put these items in the bag when he left the property at 5:00 p.m. the previous evening. *Id.* at 19. Tirado indicated that the value of the items was a "couple hundred" dollars. *Id.* at 36-37. Further, Tirado testified that the cost to repair the damage Appellant caused was $3,000 -$4,000. *Id.* at 37.

The defense presented the testimony of Rasheed Williams, who admitted that he and Appellant were in the area at the time of the burglary, but had only approached the back door of the home to collect money from someone who lived in the home. *Id.* Williams testified that Appellant did not enter the home or do anything to the electrical meters outside the house. *Id.* at 53-54.

At the conclusion of the trial, the trial court convicted Appellant of burglary, criminal trespass, and criminal mischief, but acquitted him of the PIC charge. On June 12, 2025, the trial court sentenced Appellant to a term of four years' reporting probation for each conviction and set them to run concurrently. As such, Appellant only received an aggregate sentence of four

years' reporting probation.[1]  This timely appeal followed.  Appellant complied with the trial court's direction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises one issue for our review on appeal:  "[w]as the evidence insufficient to establish burglary and criminal trespass where [Appellant] was never identified as having been inside the property?"  Appellant's Brief, at 2.

In reviewing a challenge to the sufficiency of the evidence, our standard of review is *de novo*, and our scope of review is plenary.  **Commonwealth v. Youngster**, 352 A.3d 1052, 1058–59 (Pa. Super. 2026).

> To assess the sufficiency of evidence offered to establish guilt, we consider whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict-winner, is sufficient to establish all elements of the offense beyond a reasonable doubt. We may not weigh the evidence or substitute our judgment for that of the fact-finder. Additionally, the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. When evaluating the credibility and weight of the evidence, the fact-finder is free to believe all, part or none of the evidence. For purposes of our review under these principles, we must review the entire record and consider all of the evidence introduced.
>
> Evidence may be entirely circumstantial so long as it links the accused to the crime beyond a reasonable doubt.

**Id**. at 1058-59 (quoting **Commonwealth v. Wunderlich**, 332 A.3d 112, 115-16 (Pa. Super. 2025) (citations and quotation marks omitted)).

---

[1] This Court notes the leniency of the sentence the trial court imposed.

- 4 -

Specifically, Appellant claims there was insufficient evidence to support his burglary and criminal trespass convictions as the Commonwealth failed to show that he was the individual who broke into the home in question. Appellant does not dispute that the evidence was sufficient to establish he was guilty of criminal mischief given that the victim identified Appellant as the person he observed damaging the electrical boxes *outside* of the home. Appellant also does not dispute that a burglary and criminal trespass occurred. However, Appellant claims his burglary and trespass convictions cannot stand as the victim never identified Appellant as the individual who was *inside* the home. Appellant argues that the victim merely caught a glimpse of an individual inside the home wearing a gray hoodie.

Viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we find there was ample evidence to prove Appellant was the individual who broke into the victim's home. The victim was able to identify Appellant at trial as the individual he observed walking from the backyard of the home (which was found to have a broken back door) and ripping the wires from the electrical boxes on the side of the home with a handheld tool. The victim indicated that Appellant's appearance "pretty much matched" the individual that he had seen inside the home just minutes earlier when he drove past. Appellant fled from both the victim and responding police officers, who apprehended Appellant minutes after their arrival in a park near the victim's home. Officers discovered Appellant had a multitool in his pocket.

For the foregoing reasons, we conclude there was sufficient evidence to convict Appellant of burglary, criminal trespass, and criminal mischief.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/19/2026